# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-0256V
Filed: September 20, 2017
UNPUBLISHED

| | |
|---|---|
| ALLISON BOMAN, Parent and Next Friend of R.B., a minor,<br><br>   Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>   Respondent. | Special Processing Unit (SPU); Attorneys' Fees and Costs; Rotavirus Vaccine; Intussusception; Dismissal; Reasonable Basis for Petition |

*Donald M. Gerstein, Richard Gage, P.C., Cheyenne, WY* for petitioner.
*Claudia B. Gangi, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

## I.     Relevant Factual and Procedural History

On March 12, 2015, Allison Boman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program") on behalf of her minor child, R.B.  Petitioner alleged that the rotavirus vaccination administered to R.B. on January 25, 2013, caused him to develop intussusception.  The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 11, 2015, respondent filed a Rule 4(c) Report stating the claim was not appropriate for compensation. Specifically, respondent argued that according to the medical evidence of record, R.B. had not met the severity requirement set forth at §11(c)(1)(D)(i) and (iii), which requires the vaccinee to suffer the residual effects of the alleged vaccine-related injury for more than six months or require hospitalization and surgical intervention. Resp't's Rep. at 7-8, ECF No. 16.

On August 26, 2015, following a status conference on this issue, petitioner was ordered to file an expert report supporting the allegation that R.B. suffered the residual effects of his intussusception for more than six months. Sched. Order, issued Aug. 26, 2015, Non-PDF. On November 30, 2015, in lieu of an expert report, petitioner filed a Motion for Ruling on the Record. Motion for Ruling, filed Nov. 30, 2015, ECF No. 22.

On March 22, 2016, the undersigned issued a decision denying compensation, finding petitioner had failed to establish a *prima facie* case. *Boman v. Sec'y of Health & Human Servs.*, 2016 WL 2979760 (Fed. Cl. Spec. Mstr. Mar. 22, 2016). Judgment entered, pursuant to Vaccine Rule 11(a), on April 25, 2016, dismissing the petition. ECF No. 26.

On December 19, 2016, petitioner filed a motion for attorneys' fees and costs, seeking $34,004.00 in fees and $1,171.13 in costs. Second Motion for Attorneys' Fees and Costs ("Motion"), filed Dec. 19, 2016, ECF No. 34.[3] In compliance with General Order #9, petitioner submitted a statement that she personally incurred no expenses related to the prosecution of her petition. Motion, Tab F. Thus, the total requested is $35,175.13.

Respondent filed a response recommending that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs within the range of $12,000.00 to $14,000.00. Respondent's Response ("Resp't's Resp."), filed Nov. 7, 2016, ECF No. 32. Petitioner did not file a reply.

The matter of attorneys' fees and costs in this case is now ready for a decision.

## II.     Applicable Law and Analysis

### A.  Requirements of Good Faith and Reasonable Basis

Under the Vaccine Act, an award of reasonable attorneys' fees and costs is mandatory where a petitioner is awarded compensation. But where compensation is denied, as it was in this case, the special master must first determine whether the petition was brought in good faith and the claim had a reasonable basis. § 15(e)(1).

In his response, respondent states that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2.

---

[3] Petitioner's initial motion, filed on October 19, 2016, was stricken due to a defect.

The undersigned likewise finds that the claim was brought in good faith and had a reasonable basis.

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Human Servs.*, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as the petitioner had an honest belief that her claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Human Servs.*, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma* at *1); *Turner v. Sec'y of Health & Human Servs.*, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). In this case, the record supports the supposition that petitioner brought the claim in a sincere belief that the rotavirus vaccine caused her son's intussusception. See Petition, filed Mar. 12, 2015, ECF No. 1. As such, the undersigned finds the claim was brought in good faith.

Regarding the reasonable basis requirement, it is incumbent on the petitioner to "affirmatively demonstrate a reasonable basis," which is an objective inquiry. *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 305 (2011); *Di Roma*, 1993 WL 496981, at *1. The special master examines "the feasibility of the claim," as determined by factors such as "the factual basis [and] the medical support." *Di Roma* at *1. This "totality of the circumstances" approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Human Servs.*, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

Unlike the good faith inquiry, reasonable basis requires more than just petitioner's belief in her claim. *See Turner*, 2007 WL 4410030, at *6. Instead, the claim must at least be supported by medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Human Servs.*, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015). The court expects the attorney to make a pre-filing inquiry into the claim to ensure that it has a reasonable basis. *See Turner* at *6-7. That expectation may be lessened, however, by the circumstances, and "special masters have historically been quite generous in finding reasonable basis for petitions." *Turpin v. Sec'y of Health & Human Servs.*, 2005 WL 1026714, at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005); *see Turner* at *6-7. For instance, leniency has been shown when the statute of limitations was about to expire or if the petition was originally filed *pro se*. *See Turner* at *6. In such situations, the bar for establishing reasonable basis can be lowered. Allowances have also been made for "skeletal" petitions, where reasonable basis is later reinforced with medical records and expert opinions. *Turpin* at *2.

However, even if reasonable basis exists at the time the petition is filed, it "may later come into question if new evidence becomes available or the lack of supporting evidence becomes apparent." *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 288 (2014); *see also Perriera v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (affirming the special master's finding that reasonable basis existed until the evidentiary hearing); *Hamrick*, 2007 WL 4793152, at *4 (observing that

"[p]etitioner's counsel must review periodically the evidence supporting petitioner's claim").

In this case, the undersigned denied compensation because petitioner failed to carry her burden of proof in showing that R.B.'s condition lasted more than six months or resulted in hospitalization and surgical intervention. 2016 WL 2979760, at *6.

As an overview, respondent argued that R.B.'s medical records failed to show that his alleged injury lasted more than six months, as required by the Vaccine Act, but instead indicated the condition resolved after about three months. Petitioner countered by pointing to a medical consultation for constipation about eight months after vaccination, asserting that constipation can be a symptom of intussusception. Petitioner also maintained that R.B. suffered from ongoing gastrointestinal problems, which did not require medical visits. 2016 WL 2979760, at *6.

The undersigned afforded petitioner an opportunity to obtain the report of a medical expert supporting her contention that R.B.'s gastrointestinal symptoms were sequelae of his alleged vaccine-related injury. Unfortunately, petitioner was unable to obtain an expert report and instead moved for a decision on the existing record. 2016 WL 2979760, at *6.

Although petitioner's claim was dismissed, the undersigned believes there was a reasonable basis when filed. Moreover, once it became apparent that her claim could not be supported by medical records or an expert, petitioner promptly moved for a decision.

### B. Evaluation of Requested Attorneys' Fees and Costs

Attorneys' fees in the Vaccine Program are calculated using the lodestar method, which involves multiplying a reasonable hourly rate by a reasonable number of billed hours. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008). An attorney representing a petitioner in the Program is paid the forum rate unless the bulk of the work was performed in a locale other than the forum (i.e., District of Columbia), and the local rate is very significantly lower than the forum rate. *Id.* at 1349. If these two requirements are met, the *Davis* exception applies, and the attorney is paid according to the local rate. *Id.* (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as fees. *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl.Ct. 750, 753 (1991). They may look to their experience and judgement to reduce the number of

hours billed to a level they find reasonable for the work performed.  *Saxton ex rel. v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl.Ct. 482, 483 (1991) *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993) (per curiam).

Petitioners "bear[] the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson*, 24 Cl.Ct. at 484.  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484 n.1.  Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983).

### i. Hourly Rates

Petitioner seeks compensation for her attorney, Donald M. Gerstein, as well as for attorney Richard Gage, who also worked on the case.[4]  In addition to her attorneys, petitioner seeks compensation for five paralegals.  Mr. Gerstein requests a rate of $350 for work performed between November 2014 and June 2016.  Mr. Gage requests a rate of $387.50 for work between March 2013 and October 2016.  The paralegals, Susan McNair, Brian Vance, Helen Nelson, and Kayla Spencer, all request rates of $135 for their work between March 2013 and October 2016.  And paralegal Fred Hurlburt requests a rate of $112 for his work in 2014.  Motion, Tabs C and D.

These rates are higher than those approved by the undersigned and other special masters in recent decisions.  *See Neel v. Sec'y of Health & Human Servs.*, 2017 WL 4020450 (Fed. Cl. Spec. Mstr. Aug. 14, 2017); *Henderson v. Sec'y of Health & Human Servs.*, 2017 WL 2628170 (Fed. Cl. Spec. Mstr. May 25, 2017); *Onikama v. Sec'y of Health & Human Servs.*, 2017 WL 1718798 (Fed. Cl. Spec. Mstr. Apr. 3, 2017); *Dingle v. Sec'y of Health & Human Servs.*, 2014 WL 630473 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  The undersigned finds the rates established in these earlier decisions to be reasonable and will reduce the rates requested in this case accordingly.

The hourly rates to be awarded are as follows:

|  | 2013 | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|---|
| Donald Gerstein, Esq.[5] |  | $250 | $250 | $259 | $265 |
| Richard Gage, Esq.[6] | $260 | $300 | $300 | $311 | $318 |

---

[4] Mr. Gage is Mr. Gerstein's employer.

[5] *See Henderson*, 2017 WL 2628170, at *3 (2014 rate); *Neel*, 2017 WL 4020450, at *3 (2015-17 rates).

[6] *See Dingle*, 2014 WL 630473, at *3 (2013 rate); *Onikama*, 2017 WL 1718798, at *13 (2016 rate); *Henderson*, 2017 WL 2628170, at *3 (2014-17 rates).

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| Susan McNair [7] | $120 | $120 | $120 | $120 | $120 |
| Brian Vance [8] | $120 | $120 | $120 | $120 | $120 |
| Other paralegals [9] | $100 | $100 | $100 | $100 | $100 |

### ii. Requested Hours

Petitioner requests compensation for 70.9 attorney hours, of which 42.9 were billed by Mr. Gerstein, and 28.0 were billed by Mr. Gage. Paralegal hours billed in this case total 67.7. *See* Motion, Tabs C and D. The undersigned has thoroughly reviewed the billing records; however, a line-by-line evaluation of the fee application is not required, and will not be performed. *See Wasson*, 24 Cl.Ct. at 484. Instead, special masters may rely on their experience to determine the reasonable number of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests .... [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

The undersigned, however, finds some issues to be particularly notable and worth highlighting, especially since they are problems identified by special masters in other cases involving Mr. Gage's office.[10] They include vagueness, impermissible entries, and excessive and duplicative billing.

With regard to vagueness, Mr. Gage's timesheet has nearly 40 entries involving "conferences" with his paralegals.[11] *See* Motion, ECF No. 34 (Tab C) at 8-11. Most of

---

[7] *See Onikama*, 2017 WL 1718798, at *13; *Henderson*, 2017 WL 2628170, at *3.

[8] *See supra* note 7.

[9] This category includes Ms. Nelson, Ms. Spencer, and Mr. Hurlburt. *See Henderson*, 2017 WL 2628170, at *3 (Ms. Nelson and Mr. Hurlburt); *Dingle*, 2014 WL 630473, at *3 (Ms. Spencer).

[10] *See, e.g.*, *Neel*, 2017 WL 4020450, at *3 (reducing overall fee award by five percent for excessive billing); *Kerridge v. Sec'y of Health & Human Servs.*, 2017 WL 4020523, at *3 (Fed. Cl. Spec. Mstr. July 28, 2017) (reducing by five percent for vagueness, duplicative billing, excessive hours, and administrative work); *see also Padilla v. Sec'y of Health & Human Servs.*, 2017 WL 1435881, at *2 (Fed. Cl. Spec. Mstr. Mar. 30, 2017) (reducing by 10 percent due to vagueness); *Wilson v. Sec'y of Health & Human Servs.*, 2017 WL 1374748, at *2 (Fed. Cl. Spec. Mstr. Mar. 22, 2017) (reducing by 10 percent for vagueness).

[11] The undersigned notes that for many of these entries, paralegals billed corresponding time for conferencing with Mr. Gage. *See* Motion, ECF No. 34 (Tabs C and D) at 8-24. The undersigned has previously found such duplicative billing unreasonable and reduced fee applications for it. *See, e.g.*, *Mostovoy v. Sec'y of Health & Human Servs.*, 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

these entries contain no other information,[12] making it nearly impossible to know whether and/or how they supported petitioner's case. Vagueness is a problem for Mr. Gerstein, as well. *See id.* (Tab D) at 13-16. In fact, as a whole, the timesheets in this case are so cryptic that it is difficult for the undersigned to assess the reasonableness of much of the time billed.

With regard to excessive billing, issues began prior to filing the claim, with Mr. Gerstein and Mr. Gage collectively billing nearly 13 hours for work related to preparing and filing the three page petition (which had about one page of substance) and a bare-bones affidavit from petitioner. *See* Motion, ECF No. 34 (Tabs C and D) at 8-9, 13-14.[13]

A similar issue is seen in a March 22, 2015 entry by Mr. Gerstein for 1.0 hour to "draft status report." *See* Motion, ECF No. 34 (Tab D) at 13. This seems excessive, especially since status reports are typically very short documents—most are a couple paragraphs. However, the undersigned cannot say for sure in this instance, since it was never filed.[14]

Another example of overbilling (and at the same time, impermissible billing) are entries totaling 1.0 hour for Mr. Gerstein to schedule a status conference. (This is in addition to his time spent preparing and participating in the status conference, which he billed for separately.) *See* Motion, ECF No. 34 (Tab D) at 15.[15] It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl.Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services … should be considered as normal overhead office costs included within the attorneys' fee rates"). Scheduling a status conference is secretarial work.

The paralegals' timesheets contain many of the same issues already discussed, including vagueness, excessive time, duplicative billing, and impermissible entries for administrative tasks. A vivid illustration of the first three issues is the time billed by Mr. Hurlburt for work on an "outline" (24.0 hours), which was followed by a "timeline" (4.0 hours).[16] This work generated $3,136.00 in fees. *See* Motion, ECF No. 34 (Tab D) at 23. With regard to administrative tasks, the undersigned found many examples,

---

[12] *See, e.g.*, entries dated: June 26, 2014; September 11, 2014; October 24, 2014; November 11 and 24, 2014; December 10 and 24, 2014; January 21 and 27, 2015; February 13, 2015; March 19, 2015; April 29, 2015; May 26, 2015; September 24, 2015, October 12 and 26, 2015; November 19, 2015.

[13] *See, e.g.*, entries dated: (Gage) August 6-8, 2014; January 29, 2015; February 3, 2015; March 9, 2015; (Gerstein) December 7 and 17, 2014; February 3, 4, 16, 2015; March 12, 2015.

[14] A status report was not filed until May 29, 2015, ECF No. 14, and Mr. Gerstein billed for it separately.

[15] *See* entries dated: August 10, 11, 14, and 17, 2015.

[16] This was not a complex case, requiring a time expenditure of this magnitude.

7

including entries for sending and receiving faxes; copying, scanning, and saving records; Bates stamping and filing exhibits; and scheduling appointments. *Id.* at 17-24.

For the reasons discussed above, and in view of the fact that petitioner's case was dismissed for insufficient proof, the undersigned reduces petitioner's fee request by 20 percent. *See, e.g.*, *Helton v. Sec'y of Health & Human Servs.*, 2017 WL 4020452 (Fed. Cl. Spec. Mstr. Aug. 28, 2017) (reducing fee request by 25 percent); *Willett v. Sec'y of Health & Human Servs.*, 2017 WL 3298983 (Fed. Cl. Spec. Mstr. June 2, 2017) (reducing fee request by 20 percent); *Raymo v. Sec'y of Health & Human Servs.*, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reducing fee request by 20-40 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).

The undersigned emphasizes to petitioner's counsel that future billing invoices should not contain these deficiencies. In the future, the undersigned may find it reasonable to further reduce petitioner's counsel's fee applications for vagueness, excessive hours, duplicative billing, and impermissible entries for administrative tasks.

### iii. Reduction of Requested Fees

Reducing the requested attorney and paralegal rates to those above, results in the following adjustments:

| Year | Person | Time | Requested Rate | Adjusted Rate | Billed Amount | Adjusted Amount |
|---|---|---|---|---|---|---|
| 2014-15 | Gerstein | 41.70 | $350.00 | $250.00 | $14,595.00 | $10,425.00 |
| 2016 | Gerstein | 1.20 | $350.00 | $259.00 | $420.00 | $310.80 |
| 2013 | Gage | 7.90 | $387.50 | $260.00 | $3,061.25 | $2,054.00 |
| 2014-15 | Gage | 19.60 | $387.50 | $300.00 | $7,595.00 | $5,880.00 |
| 2016 | Gage | 0.50 | $387.50 | $311.00 | $193.75 | $155.50 |
|  |  |  |  |  |  |  |
| 2013-15 | McNair | 9.80 | $135.00 | $120.00 | $1,323.00 | $1,176.00 |
| 2014-16 | Vance | 4.50 | $135.00 | $120.00 | $607.50 | $540.00 |
| 2013-14 | Nelson | 6.90 | $135.00 | $100.00 | $931.50 | $690.00 |
| 2013 | Spencer | 3.00 | $135.00 | $100.00 | $405.00 | $300.00 |
| 2014 | Hurlburt | 43.50 | $112.00 | $100.00 | $4,872.00 | $4,350.00 |
|  |  |  | Billed Amount Total: | | $34,004.00 | |
|  |  |  | **Adjusted Amount Total:** | | | **$25,881.30** |

The rate adjustments shown above reduce the billed amount to $25,881.30, a reduction of $8,122.70. As also discussed, the undersigned makes a further reduction

of 20 percent ($5,176.26[17]) to address the deficient billing practices.  Thus, petitioner is awarded a total of **$20,705.04** in attorney and paralegal fees.

### iv. Costs

Petitioner requests reimbursement for attorney costs in the amount of **$1,171.13**. The undersigned finds no cause to reduce the request and awards the full amount.

## III. Conclusion

The undersigned awards petitioner the following for attorneys' fees and costs:

| | |
|---|---|
| Requested attorneys' fees: | $34,004.00 |
| Reductions (attorney and paralegal rates) | - 8,122.70 |
| Reductions (20% for billing issues) | - 5,176.26 |
| **Adjusted Fees Total:** | **$20,705.04** |
| | |
| Requested attorneys' costs: | $1,171.13 |
| Reductions | - 0.00 |
| **Adjusted Costs Total:** | **+ $1,171.13** |
| | |
| **Total Attorneys' Fees and Costs Awarded:** | **$21,876.17** |

**Accordingly, the undersigned awards a total of $21,876.17,[18] representing reimbursement for all attorneys' fees and costs, in the form of a check jointly payable to petitioner and petitioner's counsel, Donald M. Gerstein of Richard Gage, P.C.**

The clerk of the court shall enter judgment in accordance herewith.[19]

**IT IS SO ORDERED.**

                                                        **s/Nora Beth Dorsey**
                                                        Nora Beth Dorsey
                                                        Chief Special Master

---

[17] $25,881.30 x 0.20 = $5,176.26.

[18] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[19] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.